UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80912-CIV-COHN/SELTZER

EDWARD KLINE, as an individual and on
behalf of all others similarly situated,

    Plaintiff,

vs.

EARL STEWART HOLDINGS, LLC, a Florida
corporation, d/b/a EARL STEWART TOYOTA,

    Defendant.
_____/

## ORDER GRANTING MOTION TO STAY PROCEEDINGS

**THIS CAUSE** is before the Court on Defendant Earl Stewart Holdings' Motion to Stay Pending Action by the Judicial Panel on Multidistrict Litigation [DE 3], Plaintiff's Notice of Opposition to Stay [DE 4], Defendant's Reply in support of its Motion to Stay [DE 8], Plaintiff's Motion for Remand [DE 5], and Defendant's Memorandum in Opposition [DE 9].[1]  The Court has carefully considered the motions, responses and replies, and is fully advised in the premises.[2]

Plaintiff filed this class action alleging that Defendant, a Toyota dealership, was aware of the defective condition of the acceleration systems in the Toyota vehicles it was selling to consumers.  Plaintiff asserts claims for rescission of the purchase

---

[1] The Court has also received a Conditional Transfer Order ("CTO-9") from the United States Judicial Panel on Multidistrict Litigation ("JPML"), dated August 25, 2010, stating that this case involves questions of fact that are common to the actions previously transferred to the Central District of California.  See In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices and Products Liability Litigation, MDL No. 2151.  Opposition to CTO-9 must be filed with the Clerk of the JPML panel by September 8, 2010.

[2] A reply in support of the motion for remand is due by September 2, 2010.

contract, an injunction for use of a temporary vehicle, breach of express and implied warranties, fraudulent concealment, unjust enrichment, and fraudulent inducement in regard to the arbitration agreement. Defendant moves to stay this action, including resolution of Plaintiff's Motion for Remand, pending the determination by the United States Judicial Panel on Multidistrict Litigation ("JPML") of their motion to transfer. Defendant cites to numerous district court decisions to support its argument that both judicial and party resources will be conserved if rulings in this case are stayed until a transferee court is selected.

Plaintiff opposes the motion, arguing that the Court lacks subject matter jurisdiction, as asserted in his motion for remand. Defendant removed this action from state court pursuant to the Class Action Fairness Act ("CAFA"). Plaintiff contends in his motion for remand, and in opposition to the present motion to stay, that the United States Court of Appeals for the Eleventh Circuit recently held that at least one individual plaintiff under CAFA must allege damages of $75,000, the minimum amount in controversy for diversity jurisdiction. Cappuccitti v. DirecTV, Inc., -- F.3 --, 2010 WL 2803093 (11th Cir. July 19, 2010). In addition, Plaintiff argues that the MDL defendant, Toyota Motor Corporation, is not a defendant in this action, while the Defendant dealership is not part of the MDL action.

Turning first to the Plaintiff's argument regarding jurisdiction, as Defendant points out, the panel decision in Cappuccitti is limited by its own terms to actions originally filed in federal court, not those removed from state court ("We hold that in a CAFA action originally filed in federal court, at least one of the plaintiffs must allege an amount in controversy that satisfies the current congressional requirement for diversity jurisdiction provided in 28 U.S.C. § 1332(a)). 2010 WL 2803093, *3. Plaintiff wishes the Court to

first decide an unsettled question of whether this standard would apply to CAFA actions that are removed to federal court before transfer of this action by the JPML.

This Court recognizes that it has the authority to deny the motion to stay and rule on any pending motions. However, several reasons help this Court decide to grant the motion to stay. The instant action is not procedurally advanced, a decision by the JPML on transfer is due shortly, Plaintiff appears to have purposely dropped the real defendant in interest, Toyota Motor Corporation, to support its opposition to transfer to the MDL court, and the unsettled issue of CAFA jurisdiction should not be decided where a previously established MDL court is already hearing similar actions.

This Court concludes that the motion to stay should be granted, and the motion for remand be held in abeyance pending a decision by the JPML on transfer of the case. It is far better for judicial economy and the consistency of judicial rulings for any pretrial determination of jurisdiction to be handled by the transferee court selected by the JPML.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Earl Stewart Holdings' Motion to Stay Pending Action by the Judicial Panel on Multidistrict Litigation [DE 3] is hereby **GRANTED**;

2. This case is hereby **STAYED**, until the Judicial Panel on Multidistrict Litigation enters a final order regarding transfer of this action, or until further order of this Court;

3. Plaintiff's Motion for Remand [DE 5] shall be **TERMINATED**;

4. The Clerk of the Court shall **CLOSE** this case for administrative purposes;

5. Should the JPML not transfer this action, this Order is without prejudice to any

party filing a motion to reopen this matter to proceed in this Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of August, 2010.

_____
JAMES I. COHN
United States District Judge

copies to:

all counsel of record